WALTER et al. v. WALTER.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. PARTIES &copy;=76—CAPACITY TO SUE—WAIVER OF OBJECTION—STATUTE.

The objection that the plaintiff has not legal capacity to sue may be taken, under Code Civ. Proc. § 488, subd. 3, so providing, by demurrer, if the defect is apparent on the face of the complaint, or, under section 498, so providing, by answer, if it is not so apparent, and, if not so taken, it is deemed to have been waived by defendant, under section 499, so providing.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. &copy;=76.]

2. INSANE PERSONS &copy;=93—COMMITTEE—RIGHT TO SUE.

Legal capacity to sue has been expressly conferred by statute on the committee of an insane person.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 163; Dec. Dig. &copy;=93.]

3. PLEADING &copy;=350—MOTION FOR ORDER TO SHOW CAUSE—CONSTRUCTION.

Where the committee of an incompetent sues to annul his marriage, and defendant moves for an order to show cause why judgment should not be entered for her on the ground that plaintiffs have no legal capacity to sue, an objection waived by defendant's failure to raise it by demurrer or an-

swer, also requesting general relief, the court will ignore the words in the order "had no legal capacity to sue," and regard it as a motion for judgment on the pleadings on the ground that the complaint fails to state facts sufficient to show a right of action in the plaintiffs.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. ☞350.]

4. MARRIAGE ☞60—ANNULMENT—INSANE PERSONS—RIGHT OF COMMITTEE TO SUE—STATUTE—"NEXT FRIEND."

Code Civ. Proc. §§ 1747, 1748, provide that an action to annul a marriage on the ground that the party was a lunatic may be maintained during lunacy or after the lunatic's death in that condition and during the life of the other party by any relative of the lunatic having an interest to avoid the marriage; that such an action may also be maintained by the lunatic after restoration to his sound mind; that, where no relative of the lunatic sues to annul, the court may allow an action therefor at any time during the lifetime of both parties by any person as next friend of the lunatic; but that the last provision does not apply where the marriage might have been annulled at the suit of the lunatic as before prescribed. *Held*, that the committee of an incompetent could not sue to annul his marriage, the statute not mentioning the committee, while the giving of the power to bring such an action to the lunatic's "next friend," one who, without being regularly appointed guardian, acts for the benefit of an infant, married woman, or other person not sui juris, under the maxim, "expressio unius exclusio alterius," indicated the legislative intent to exclude the committee.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 125–128, 130–135; Dec. Dig. ☞60.

For other definitions, see Words and Phrases, First and Second Series, Next Friend.]

5. MARRIAGE ☞60—ANNULMENT—INSANE PERSONS—POWER OF COMMITTEE TO SUE—STATUTES.

Code Civ. Proc. § 2340, provides that a committee of the property of an incompetent may maintain, in his own name, adding his official title, any action or special proceeding which the incompetent might have maintained if the appointment had not been made. Section 1748 provides that the next friend of a lunatic may sue to annul his marriage, where no relative of the lunatic does so, except where the marriage might have been annulled at the lunatic's suit. *Held*, that the special provision of section 1748 limits the general language of section 2340, and prevents any power in an incompetent's committee to bring an action to annul his marriage from arising by implication from section 2340.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 125–128, 130–135; Dec. Dig. ☞60.]

6. MARRIAGE ☞60—ANNULMENT—INSANE PERSONS—RIGHT OF COMMITTEE TO SUE.

Where an incompetent is made a party to an action to annul his marriage, his committee is not a necessary party thereto, since the representative and the person represented are not both necessary parties, so that, in an action by the committee of an incompetent to annul his marriage, where the committee's right to sue was questioned, the contention was without merit that, as the committee would be a necessary party defendant, he might be a plaintiff.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 125–128, 130–135; Dec. Dig. ☞60.]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Moritz Walter and others, individually and as committee of the person and property of Herman N. Walter, an incompetent

person, against Anna Kuethe Walter. From judgment dismissing the complaint, and from an order upon which the judgment was entered, plaintiffs appeal. Affirmed.

The following is the opinion of Page, J., in the court below:

[1] This motion was made upon an order for plaintiff to show cause, based upon the pleadings and an affidavit, why judgment should not be entered herein in favor of the defendant and against Moritz Walter, Clarence J. Walter, and Edwin Walter, as committee of the person and property of Herman N. Walter, an incompetent, upon the ground that the said persons, as committee, "have no legal capacity to sue to annul the marriage of said Herman N. Walter upon the ground that the said Herman N. Walter was at the time of said alleged marriage a lunatic, and was incapable of entering into a marriage contract, or that the said marriage was caused by force and duress of the defendant because the said Herman N. Walter was a lunatic and incapable of consenting to the marriage for want of understanding, and for such other and further relief as the defendant may be entitled to." The inartificial use of language unnecessarily complicates the consideration of the motion. Lack of legal capacity to sue has reference to some legal disability of the plaintiff, such as infancy, idiocy, adjudged insanity, or want of title in the plaintiff to the character in which he sues which prevents his bringing any action in the courts in his own behalf, and not a fact that the complaint fails to show a right of action in the plaintiff. Ward v. Petrie, 157 N. Y. 301, 311, 51 N. E. 1002, 68 Am. St. Rep. 790; Ullman v. Cameron, 186 N. Y. 339, 343, 78 N. E. 1074, 116 Am. St. Rep. 553. The objection that the plaintiff has not legal capacity to sue must be taken by demurrer or answer (Code Civil Proc. § 488, subd. 3 and section 498), and, if not so taken, is deemed to have been waived (Id. § 499). If, therefore, the purpose of this motion is to urge the objection that the plaintiff has not legal capacity to sue, the objection, even if sound, has been waived by the defendant not having demurred on that ground.

[2, 3] Legal capacity in a committee of an incompetent person to sue has been expressly conferred by statute, and there is no claim that the appointment was not regular and vested them with the title in which the suit was brought. Code Civil Proc. § 2340. This would require a denial of the motion. The motion has, however, been fully argued and briefed as a motion for judgment on the pleadings. I shall ignore the words in the order "have no legal capacity to sue," and treat it as a motion for judgment upon the pleadings on the ground that the complaint fails to state facts sufficient to show a right of action in the plaintiffs as committee, which may properly be done under the request for general relief. This was probably the motion that defendant's attorney had in mind, but inadequately expressed.

[4] The question to be determined is: May the committee of the person and property of an incompetent, as such, bring an action to annul a marriage contracted by the incompetent before the adjudication of incompetency upon the ground that the incompetent was a lunatic at the time of the alleged marriage and was incapable of entering into a marriage contract? This question, so far as I have been able to discern, has never been determined. The court has no inherent or common-law jurisdiction in matrimonial actions. The Legislature has conferred power on the court to annul marriages, grant divorces or legal separations in certain specified cases, and has prescribed the persons who may invoke these powers. In the instant case the law applicable is to be found in sections 1747 and 1748 of the Code of Civil Procedure: "An action to annul a marriage, on the ground that one of the parties thereto was a lunatic, may be maintained, at any time during the continuance of the lunacy, or, after the death of the lunatic, in that condition, and during the life of the other party to the marriage by any relative of the lunatic, who has an interest to avoid the marriage. Such an action may also be maintained by the lunatic, at any time after restoration to a sound mind. * * * Where no relative of the * * * lunatic brings an action to annul the marriage, as prescribed in * * * the last * * * sections, the court may allow an action to be maintained for that purpose at any time during the lifetime of both the parties to the marriage, by any person as the next friend of the * * * lunatic. But this section does not apply, where the marriage might

have been annulled, at the suit of the lunatic, as prescribed in the last section." It will be seen that the right to bring an action is limited to any relative who has an interest to avoid the marriage, a next friend or the lunatic after restoration to a sound mind. There is no mention in these sections of the committee of the incompetent. If the Legislature had intended that the committee should have that power it could very easily have incorporated a few words in the section apt to express such intent. The failure to mention the committee is significant of the legislative intent to exclude him from the right to bring such an action. The expression "next friend" has a definite and well-established meaning; i. e., "one who, without being regularly appointed guardian, acts for the benefit of an infant, married woman, or other person not sui juris." Bouvier Law Dict. Without express statutory authority an action cannot be prosecuted by a guardian ad litem or next friend where a committee has been appointed. Rankert v. Rankert, 105 App. Div. 37, 39, 93 N. Y. Supp. 399. The Code provides for the appointment of a committee for the incompetent, and gives him the right to prosecute actions on behalf of his ward. There being a well known and recognized distinction between a next friend of and a committee of a lunatic, the Legislature must have had this distinction in view when the Code was enacted. The fact that the husband or wife of the incompetent is frequently appointed the committee may have been in the minds of the legislators, but, whatever their reason, it seems clear to me that, having given the power to bring such an action to the next friend, and having failed to mention the committee, the maxim, "Expressio unius exclusio alterius," applies, and shows the legislative intent to exclude the committee of the lunatic from the provisions of this section of the Code. See Mackey v. Peters, 22 App. D. C. 341.

[5] The learned counsel for the plaintiff argues that the power to bring such an action arises by implication from the provisions of section 2340 of the Code of Civil Procedure, which reads as follows: "A committee of the property, appointed as prescribed in this title, may maintain, in his own name, adding his official title, any action or special proceeding, which the person, with respect to whom he is appointed might have maintained, if the appointment had not been made." The marriage with a lunatic is not void, but voidable. Domestic Relations Law (Consol. Laws, c. 14) § 7, subd. 2. As we have seen, the right to elect to avoid the marriage vests in the lunatic only after restoration to a sound mind, i. e., if he has been judicially declared incompetent after he shall be judicially declared competent, in which event his committee would be discharged. Code Civ. Proc. § 2343. Unless the lunatic on recovery of his reason elects to bring an action to annul the marriage, it would continue in full force and effect. Thus it can only be annulled by an affirmative act on his part. The right to make this election does not vest in the committee. While it may be said that the provision of section 1748 for the maintenance of such an action by a next friend shows a right of action in the incompetent, for a next friend can only bring an action in the right of the person non sui juris, nevertheless, the special provision in section 1748, it seems to me, limits the general language of section 2340, and excludes the committee from the prosecution of an action of this character.

[6] Nor do I think that the plaintiffs' argument is sound that, as the committee would be a necessary party defendant, he may become a plaintiff. The incompetent is a necessary party. Coddington v. Larner, 75 App. Div. 532, 78 N. Y. Supp. 276; Anderson v. Hicks, 150 App. Div. 289, 134 N. Y. Supp. 1018. He has been made a party in this action by order of the court. It is well settled that the representative and the person whom he represents are not both necessary parties. As the same persons are the plaintiffs and the committee, if it should appear that their interest was inimical to the incompetent, the court would appoint other persons to represent him; if not, they, having been served with process, will be charged with the duty of protecting his rights. The motion will be granted, and the action, in so far as it purports to be brought by plaintiffs as committee of the incompetent, is dismissed, with $10 costs. I would suggest that there is no necessity of serving an amended complaint. The order may provide that the words "individually and as committee of the person and property of Herman N. Walter, an incompetent person," be stricken from the title, and that paragraphs 1 and 2 of the

complaint be stricken out. This leaves sufficient allegations in the complaint to sustain the cause of action of the plaintiffs, as relatives of the incompetent having an interest to avoid the marriage, and does not in any way prejudice the rights of the defendant under her answer already served. Settle order on notice.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Emil Goldmark, of New York City, for appellants.
James A. Gray, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed, with costs, on the opinion of Page, J., at Special Term. Order filed.

SCOTT, J. I am unable to concur in the affirmance of this order, because I think that it rests upon too technical a construction of section 2340 of the Code of Civil Procedure.

It is clear that from the earliest times courts of equity have entertained actions to annul marriages upon the ground of lunacy of one of the parties when the marriage was entered into, or on the ground of fraud, and this in pursuance of their general equity powers, and not in consequence of any statute. Griffin v. Griffin, 47 N. Y. 134. The fundamental error of the court below, as I view it, is the assumption that, as to this class of cases, the court has no inherent jurisdiction. While that is true of most matrimonial actions, it is not true of an action to annul for lunacy. Sections 1747 and 1748 of the Code of Civil Procedure did not confer upon the Supreme Court jurisdiction to annul a marriage for such cases, but merely provided that certain persons, other than the lunatic, might sue for such an annulment. The sections did not touch the right of the lunatic himself to bring such an action, which he could do only through a committee. These sections were imported into the Code from the Revised Statutes. Some years after the reenactment of those sections in the Code section 2340 was adopted, which provides:

"A committee of the property" of an incompetent "appointed as prescribed in this title may maintain in his own name, adding his official title, any action or special proceeding which the person with respect to whom he is appointed might have maintained if the appointment had not been made."

We have the authority of Mr. Throop, one of the revisers, for the proposition that the purpose of this latter section was, "to embrace all cases where a remedy is pursued." Throop's Annotated Code 1880, note to section 2340. And obviously I think it should be so construed as to carry out that purpose. It cannot be confined to actions which a lunatic could himself have brought after office found, but before the appointment of a committee; for that would have deprived it of all meaning and effect, since by the fact of his adjudication as a lunatic he ceased to enjoy capacity to sue. The true meaning of the section is, as I think, that the committee of a lunatic may bring any action or proceeding which his ward might have brought if he had not been adjudicated a lunatic. I therefore think that an action like the present may be maintained by the persons mentioned in sections 1747 and

1748, and also by a committee under section 2340. If this view is correct, section 7 of the Domestic Relations Law, to the effect that "actions to annul a void or voidable marriage may be brought only as provided in the Code of Civil Procedure," offers no obstacle to an action by the committee of a lunatic.

I think that the order should be reversed, and the motion denied.